UNITED STATES, Appellee

v

DAVID SEDA, Private, U. S. Army, Appellant

22 USCMA 341, 46 CMR 341

No. 26,329

June 8, 1973

Colonel Arnold I. Melnick, Captain John Howard Shows, and Captain Michael A. Mason were on the pleadings for Appellant, Accused.

Lieutenant Colonel Ronald M. Holdaway, Captain John P. Pinkerton, and Captain Richard L. Menson were on the pleadings for Appellee, United States.

## Opinion

QUINN, Judge:

A previous conviction by summary court-martial at which the accused was sentenced to confinement at hard labor for 30 days is allegedly invalid because the accused was unrepresented by counsel. See United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973). It appears that the confinement was suspended and apparently never revoked. Whether a sentence to confinement never actually served because of a satisfied period of probation is subject to constitutional attack as in Alderman need not be answered, for I am satisfied that the evidence of previous conviction did not lead the court-martial to impose a more severe sentence for the larceny and other offenses for which the accused was convicted at this trial. Accordingly, the decision of the Court of Military Review is affirmed.

DARDEN, Chief Judge (concurring):

I concur in the result for the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973).

DUNCAN, Judge (dissenting):

Since I believe that the appellant's previous conviction and sentence to confinement by summary court-martial is constitutionally invalid for the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973), I am unable to state that the sentence in this case might not have been different had the military judge known that the prior conviction "had been unconstitutionally obtained." United States v. Tucker, 404 US 443, 448 (1972).

I would return the record of trial to the Judge Advocate General of the Army for submission to the Court of Military Review for redetermination of the sentence without consideration of the evidence of the summary court-martial conviction.